FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOMER D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-00424-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 25, 26. Attorney Elie Halpern represents Homer D. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on January 9, 2018 alleging disability since August 31, 2010[1], due to PTSD, traumatic brain injury, and musculoskeletal problems. Tr. 66-67. The application was denied initially and upon reconsideration. Tr. 89-91, 96-102. Administrative Law Judge (ALJ) Gerald Hill held a hearing on May 16, 2019, Tr. 36-64, and issued an unfavorable decision on July 3, 2019. Tr. 18-30. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 185-86, 299-302. The Appeals Council denied the request for review on October 17, 2019. Tr. 1-5. The ALJ's July 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 13, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1977 and was 39 years old as of his date last insured in 2016. Tr. 29. He served in the armed forces for 6 years with a tour of service in Iraq, where he was exposed to perpetual violence and danger, including his convoy hitting an IED, resulting in a traumatic brain injury. Tr. 1573-74, 1727. He developed intrusive symptoms stemming from PTSD and continued reports of the deaths of other service members he had been stationed with. *Id.* After being discharged, he worked as a maintenance mechanic in the wine and beer industry. Tr. 60, 246.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

---

[1] Plaintiff later amended his alleged onset date to July 13, 2012. Tr. 39.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 2

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-

1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 3, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity between the alleged onset date and the date last insured of December 31, 2016. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, status post bilateral shoulder surgeries, status post surgery for a right hand fracture, obesity, post traumatic stress disorder, alcohol abuse in reported remission, and cannabis dependence. Tr. 20-21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8 hour workday; sit 6 hours in an 8 hour workday; occasionally push and pull with the right upper extremity; occasionally reach overhead with the right upper extremity; frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently balance, stoop, kneel, crouch and crawl. He needed to avoid concentrated exposure to vibration and to hazards. He could have occasional superficial interactions with others such as would preclude tandem or teamwork and direct service to the public as an essential part of the job.

Tr. 22-23.

///

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a maintenance mechanic. Tr. 29.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of housekeeper, small products assembler, and marker. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to provide sufficient reasons for rejecting Dr. Koller's opinion; (2) ignoring the VA 100% disability rating; (3) failing to provide sufficient reasons to reject Dr. Hopfenbeck's opinion; and (4) providing insufficient reasons to reject Plaintiff's subjective claims.

**DISCUSSION**

**1.    Plaintiff's subjective allegations**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 25 at 18-20.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's allegations were not supported by the objective medical evidence and treating record, and found Plaintiff was not forthright with respect to his substance use. Tr. 23-27.

      Regarding Plaintiff's statements about substance use, the facts cited by the ALJ in support of this rationale do not constitute substantial evidence. Plaintiff admitted to a brief period where he was drinking too much, and self-regulated in order to prevent it from becoming an issue. Tr. 58-59. The records where Plaintiff admitted to a substance use history including stimulants and hallucinogens states that use was infrequent. Tr. 475. Plaintiff's testimony at the hearing was that he had never had a substance use *issue*, not that he had never used any substances. Tr. 41-42. Regarding the use of methamphetamine, the Court finds this isolated incident of varying explanations to be insufficient to constitute substantial evidence to support the ALJ's wholesale rejection of Plaintiff's subjective complaints. At no time have Plaintiff's statements about substance use contradicted the record.

      Other than the substance use issue, the ALJ's assessment of Plaintiff's allegations consisted of a summary of the medical evidence. An ALJ may cite

inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The vast majority of the ALJ's discussion is simply a summary of the treatment records, without any analysis of why the records demonstrate any inconsistency with any of Plaintiff's alleged symptoms or limitations, or any analysis of what allegations the ALJ found to be undermined by the records.

Defendant argues the ALJ discounted Plaintiff's allegations based on evidence of improvement, Plaintiff's activity level, drug-seeking behavior, minimal treatment and noncompliance, and symptoms being exacerbated by situational stressors. ECF No. 26 at 13-18. The Court finds the ALJ did not clearly link the reliability of Plaintiff's allegations to any of these factors. While they were features of Plaintiff's treatment record that the ALJ summarized, the ALJ did not specifically find Plaintiff's allegations to be undermined by any of these elements. To the extent the ALJ intended his summary of the treatment records to include these factors, the Court finds substantial evidence does not support Defendant's interpretation.

While the record documents Plaintiff's physical impairments being fairly well managed, his subjective statements regarding his inability to work have primarily involved his mental impairments. Despite concluding that "when the claimant complies with treatment he is fully capable of work consistent with the above RFC," the ALJ did not cite to any evidence of sustained improvement in

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

1 Plaintiff's mental conditions during the relevant period. Furthermore, the ALJ
2 repeatedly noted Plaintiff's minimal level of treatment and extended periods
3 without treatment. These appear to have been a result of his mental health
4 impairments and his frustration with service received from the VA. Tr. 486, 493,
5 1121, 1154, 1160. The Ninth Circuit has recognized that "it is a questionable
6 practice to chastise one with a mental impairment for the exercise of poor
7 judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th
8 Cir. 1996). Nor can this Court uphold any inference that Plaintiff would have been
9 able to work had he engaged in prescribed treatment, since the ALJ did not make
10 the specific findings required by Social Security Ruling 18-3p.

11 The ALJ did not identify any activities Plaintiff engaged in that were
12 inconsistent with his alleged limits; the ALJ pointed only to Plaintiff's ability to
13 maintain personal relationships, care for himself and his household on his own
14 time, and sporadically attend school, none of which are inconsistent with disability.
15 Tr. 25. "The Social Security Act does not require that claimants be utterly
16 incapacitated to be eligible for benefits, and many home activities may not be
17 easily transferable to a work environment where it might be impossible to rest
18 periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th
19 Cir. 1996).

20 Many of the situational stressors Plaintiff reported appeared to stem from his
21 mental health symptoms and his inability to work, and his ability to handle the
22 various stressors was impacted by his PTSD and TBI. Tr. 473, 493-94, 522-23,
23 569-70, 604, 622, 628, 1121. The fact that Plaintiff's symptoms increased in the
24 presence of outside stressors does not indicate that he was not experiencing
25 disabling symptoms from his medical impairments.

26 The Court finds the ALJ's summary of the treatment records does not
27 establish clear and convincing reasons for discounting Plaintiff's subjective
28 statements. Regardless, a lack of support from the objective evidence alone is an

insufficient basis upon which to discount a claimant's subjective allegations. Upon remand, the ALJ will reevaluate Plaintiff's testimony.

**2.    Medical opinion evidence**

Plaintiff argues the ALJ erred in his assessment of opinions from Dr. Hopfenbeck and Dr. Koller. ECF No. 25 at 5-13, 16-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). [2]

### *a. Dr. Koller*

In 2012 Plaintiff underwent a Compensation and Pension evaluation for the VA with Dr. Koller. Tr. 716-23. Dr. Koller listed Plaintiff's diagnoses as PTSD and panic attacks without agoraphobia, and deemed Plaintiff totally disabled and unemployable based on his mental conditions. Tr. 717, 723. The ALJ acknowledged and summarized this report in his discussion of the medical records. Tr. 24.

Plaintiff argues the ALJ erred in failing to offer any reasons for rejecting this opinion, noting Dr. Koller assessed clinically significant distress or impairment in occupational functioning, and assigned a Global Assessment of Functioning (GAF) score of 42, indicating serious impairment in social and occupational functioning. ECF No. 25 at 6. Plaintiff asserts that the ALJ ignored Dr. Koller's uncontroverted opinion and established a mental RFC without the support of any opinion evidence.

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 25 at 8-10; ECF No. 26 at 6-9. The Court finds resolution of this question unnecessary to the disposition of this case.

*Id.* at 12-13. Defendant argues that the new regulations make clear that the ALJ is not required to offer any analysis on statements regarding issues reserved to the Commissioner, and asserts that the ALJ sufficiently acknowledged and discussed Dr. Koller's report and accounted for the problems identified therein. ECF No. 26 at 11-13.

The Court finds the ALJ did not err. The revised regulations note that statements on issues reserved to the Commissioner, such as whether an individual is able to work or is disabled, are neither valuable nor persuasive and the ALJ is not required to provide an analysis of how such evidence is considered. 20 C.F.R. § 404.1520b(c). The ALJ is only required to provide an analysis of "medical opinions," which are statements from medical sources about what a claimant can still do despite their impairments, and whether they have impairment-related limitations or restrictions on their ability to perform physical or mental demands of work activities. 20 C.F.R. § 404.1513(a)(2). Dr. Koller did not offer any specific work-related functions. Tr. 716-23. Therefore, the report does not constitute a "medical opinion" and the ALJ was not required to articulate how persuasive he considered the evidence to be.

However, as this claim is being remanded on other bases, the ALJ will reconsider the entire medical record in formulating a new decision.

### b. Dr. Hopfenbeck

In 2019, Dr. James Hopfenbeck reviewed Plaintiff's disability file and conducted a consultative exam. Tr. 1723-48. He diagnosed Plaintiff with PTSD and panic and assessed numerous disabling limitations. Tr. 1729-34. He further opined Plaintiff's PTSD met the requirements of Listing 12.15. Tr. 1746-47.

The ALJ considered this opinion and found it was not persuasive, finding it was inconsistent with the treating record, Dr. Hopfenbeck did not meet with Plaintiff until more than two years after the date last insured and overly relied on

Plaintiff's unreliable reports, and that the opinion was inconsistent with Plaintiff's demonstrated functioning during the relevant period. Tr. 27-28.

Plaintiff argues the record does not support a finding that Dr. Hopfenbeck relied more on Plaintiff's subjective reports, but rather prudently relied on them in conjunction with the clinical exam and review of the available treatment records. ECF No. 25 at 18. He further argues that Plaintiff's demonstrated activities are not inconsistent with the report and that Plaintiff's waxing and waning of symptoms, variable engagement in treatment, and situational stressors are all related to his PTSD. *Id.* at 16-18. Defendant argues the ALJ reasonably considered the elements of supportability and consistency in assessing the persuasiveness of Dr. Hopfenbeck's opinion, and Plaintiff simply offered an alternative interpretation of the evidence.

As this claim is being remanded for reconsideration of Plaintiff's subjective complaints, and given the overlap in errors discussed above with respect to Plaintiff's activities, course of treatment, and situational stressors, the ALJ shall also reconsider Dr. Hopfenbeck's opinion in formulating a new decision.

**4.    VA rating**

Plaintiff argues the ALJ erred in failing to mention or analyze his rating of 100% unemployability from the VA. ECF No. 25 at 13-16. Despite the revised regulations indicating a VA rating is not binding on Social Security, Plaintiff argues that Ninth Circuit case law regarding the value and standards for evaluating VA ratings continues to be binding. *Id.*

The Court finds the ALJ did not err. Under the new regulations, which apply to claims filed on or after March 27, 2017, the ALJ need not provide "any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. This new

regulation removes any requirement for an ALJ to discuss a VA rating.[3] To the extent that prior case law conflicts with the new regulations, the new regulations are controlling. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005).

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole and complete the five-step process.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 24**, is **DENIED AS MOOT**.

---

[3] The Notice of Proposed Rulemaking accompanying the revised regulations specifically noted the Ninth Circuit's ruling in *McCarty v. Massanari*, 298 F.3d 1072 (9th Cir. 2002) and indicated that the new regulations would eliminate the different approaches taken by different Circuits and unify the application of the disability process across the nation. Revision to Rules Regarding the Evaluation of Medical Evidence, Notice of Proposed Rule Making, Fed. Reg. Vol. 81, No. 175 62565 (Sept. 9, 2016).

    2.    Plaintiff's Amended Motion for Summary Judgment, **ECF No. 25**, is **GRANTED IN PART.**

    3.    Defendant's Motion for Summary Judgment, **ECF No. 26**, is **DENIED**.

    4.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

    5.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 29, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE